UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMMINA SCOTT,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.
                                           /

Case No. 1:15-CV-403

HON. ROBERT HOLMES BELL

## **O P I N I O N**

This is a diversity action claiming (1) fraud and (2) violation of Michigan law regarding loan modifications, Mich. Comp. Laws § 600.3205 et seq. Plaintiff Ammina Scott resides in Stevensville, Michigan. Defendant Bank of America, N.A., services the mortgage loan on her residence. Before the Court is Defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted (ECF No. 15). For the reasons discussed herein, the motion will be granted.

### I.

Plaintiff refinanced her home in 2008, obtaining a mortgage loan from Countrywide Bank, FSB. Defendant began servicing the loan in November or December 2009. That year, her work hours were reduced by her employer and it became difficult for her to make her monthly mortgage payments. She contacted Defendant's agent, BAC Home Loan Servicing, LP ("BAC"), to discuss her payment options. She later received a letter from BAC

acknowledging her difficulties and stating, "We want to help you stay in your home. . . . We want to help you make your mortgage payment more affordable." (Compl. 3, ECF No.1.) The letter requested that Plaintiff send various documents to determine her eligibility for payment assistance. Plaintiff alleges that she sent the documents as requested on December 1, 2009.

In February 2010, BAC sent her another letter like the one before. It stated, "We want to help you stay in your home. . . . We want to help you make your mortgage payment more affordable." (*Id.* at 4.)  The letter also requested that Plaintiff provide various documents to complete an application for loan modification. Plaintiff sent the requested documents to Defendant on February 16, 2010. For the next two years, Defendant repeatedly sent Plaintiff letters asserting that it had not received the requested documents or that her application was incomplete, and requesting additional documents to complete her application.

In February 2010, Plaintiff sustained an injury at her job and was unable to continue working. Nevertheless, from December 2008 to April 2012, Plaintiff continued to pay her monthly mortgage payments.

In October 2011, Plaintiff spoke with Defendant's "agent," Tom Cappello, who recommended that she stop making her mortgage payments, because once her loan modification application was approved, her past-due payments would be "capitalized" and "put on the back end of the loan." (*Id.* at 6.) In May 2012, she followed Cappello's advice and stopped making her monthly payments.

2

Thereafter, Defendant allegedly "assured" her that it was "proceeding" with her loan modification, even though she had stopped making payments. (*Id.*) For instance, a customer relationship manager for Defendant wrote to Plaintiff in December 2013, stating, "Thank you for your participation in the home loan assistance process. . . . We appreciate the opportunity to serve your home loan needs." (*Id.* at 7.)

On January 29, 2014, Defendant advised Plaintiff that it had forwarded her application to "a specialist in the appropriate department. After the necessary information is reviewed, we will respond to your request." (*Id.*) On February 14, February 28, and March 6, 2014, Defendant wrote letters to Plaintiff, telling her, "[W]e're in the process of concluding our review." (*Id.* at 7-8.) Sometime thereafter, Plaintiff learned that her application had been denied.

Plaintiff asserts a claim of fraud, alleging that Defendant made statements to her that were false, and that she relied upon to her detriment. Plaintiff also claims that Defendant did not comply with a Michigan statute regarding the loan modification process, Mich. Comp. Laws § 600.3205c. As relief, Plaintiff seeks an order preventing Defendant from declaring an acceleration or default in the mortgage or from pursuing an "unlawful foreclosure." (*Id.* at 9.) Defendant asserts that Plaintiff fails to state a claim upon which relief can be granted.

## II.

In reviewing a Rule 12(b)(6) motion to dismiss, the Court must "'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw

3

all reasonable inferences in favor of the plaintiff,'" but it "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Hunter v. Sec'y of U.S. Army*, 565 F.3d 986, 992 (6th Cir. 2009) (quoting *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing how the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

**A. Fraud**

First, Plaintiff claims that Defendant committed fraud when it made the following statements to her in writing: "We want to help you stay in your home."; "We want to help you make your mortgage payment more affordable."; "You will need to complete and return the following information."; "Thank you for your participation in the home loan assistance

process."; "We appreciate the opportunity to serve your home loan needs." (Compl. 4-5, 7.) In addition, Plaintiff claims that Defendant falsely told her in letters that her modification requested had been forwarded "to a specialist in the appropriate department. After the necessary information is reviewed, We will respond to your request," and that Defendant was "in the process of concluding [its] review" of her application. (*Id.* at 7-8.) Also, she claims that Cappello falsely told her over the phone that she could stop making payments on her mortgage because her past-due installments would be capitalized and "put on the back end of the loan." (*Id.* at 6.)

    1. <u>Failure to state a claim</u>

Under Michigan law, a claim of fraudulent misrepresentation requires the following:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976). "An action for fraudulent misrepresentation must be predicated on a statement relating to a past or an existing fact. Future promises are contractual and cannot constitute actionable fraud." *Eerdmans v. Maki*, 573 N.W.2d 329, 333 (Mich. Ct. App. 1997).

As indicated by Defendant in its motion to dismiss, many of the allegedly fraudulent statements are not actionable. Defendant's declarations of intent ("We want . . .") are not

5

statements relating to past or present facts; rather, they are merely expressions of intent. Similarly, Defendant's statement about the requirements for completing her application ("You will need to . . ."), as well as future-looking statements about Defendant's conduct ("We will . . .") and what would happen if Plaintiff stopped making her payments, are not statements regarding past or existing facts. If anything, they are statements regarding the future or promises of future performance.

Plaintiff asserts that there is an exception for statements about future performance, "which recognizes that an actionable tort can be based upon a promise made without a present intention of performance, when the promise is given for the purpose of deceiving the promisee and influencing his conduct." *Connellan v. Himelhoch*, 506 F. Supp. 1290, 1296-97 (E.D. Mich. 1981). Specifically, Plaintiff refers to Defendant's statement, "We want to help you stay in your home. . . . We want to help you make your mortgage payment more affordable."; she contends that Defendant had no intention of helping Plaintiff stay in her home or making her mortgage more affordable. However, as discussed above, this statement is not a promise of future performance. Indeed, it does not promise that Defendant will do anything in particular. It merely expresses a desire. Thus, it does not satisfy the exception mentioned by Plaintiff.

As to the statements that Plaintiff's application is in the process of review, or was forwarded to a specialist, these are arguably statements about existing facts, but Plaintiff does not allege any reliance on these statements giving rise to injury. She merely alleges that the

6

statements were false. Such allegations are not sufficient to state a claim. Thus, Plaintiff fails to state a fraud claim.

    2. Statute of Frauds

Moreover, to the extent Plaintiff complains that she relied upon an oral representation from Defendant that it intended to provide a loan modification and that she could stop making her payments because her past-due payments would be put onto the "back end of the loan" after it was modified, Plaintiff's claim fails for the additional reason that it is barred by the statute of frauds applicable to financial institutions, Mich. Comp. Laws § 566.132. Under that statute, an action may not be brought against a financial institution to enforce a promise to "modify, or permit a delay in repayment or performance of a loan, . . . or other financial accommodation," unless it "is in writing and signed with an authorized signature by the party to be charged" with the promise. Mich. Comp. Laws § 566.132(1)-(2). "The language of this statute is unambiguous and should be read as an 'unqualified and broad ban' of any claim—'no matter its label'—against a financial institution to enforce the terms of an oral promise waiving a loan provision." *Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468-69 (6th Cir. 2012) (quoting *Crown Tech. Park v. D & N Bank, FSB*, 619 N.W.2d 66, 72 (Mich. Ct. App. 2000)). To the extent that it can be construed as a promise, Defendant's statement falls within the bounds of the statute of frauds as a promise to modify or delay performance of a loan. An oral statement does not satisfy the writing requirement of the statute.

Plaintiff asserts that the statute of frauds does not apply because Defendant's letters thanking Plaintiff for participation in the loan modification process, Defendant's requests for her to submit more documents to support her application, and Plaintiff's compliance with these requests, amount to performance of an agreement by Plaintiff and/or Defendant that renders the statute of frauds inapplicable. In support, Plaintiff cites *McDonald v. Scheifler*, 34 N.W.2d 573 (Mich. 1948), in which the court enforced an oral contract subject to the statute of frauds because one party fully performed under the agreement and it would be unjust to permit the other party to abrograte that agreement. *Id.* at 576. In this case, unlike *McDonald*, there is no allegation that the parties agreed that Plaintiff would receive anything from Defendant in return for Plaintiff's submission of documents. For instance, there is no allegation that Defendant agreed to provide a loan modification if Plaintiff submitted all of the requested documentation. Indeed, such an agreement would make no sense, because the purpose of submitting such documentation is to allow the mortgage holder or servicer to determine whether the borrower even qualifies for a loan modification; it does not guarantee that one will be given. Thus, Plaintiff did not partially perform under an oral agreement, and the rule in *McDonald* does not apply. Consequently, the statute of frauds bars any claim that Defendant promised to modify the loan or to "capitalize" her past-due payments.

**B. Loan Modification**

Second, Plaintiff contends that Defendant failed to comply with Mich. Comp. Laws § 600.3205 et seq., which was repealed effective June 30, 2013. Specifically, Plaintiff

contends that Defendant failed or refused to consider her request for a modification, and failed to notify her of its refusal or to mediate the issues raised by the refusal.

Before it was repealed, Mich. Comp. Laws § 600.3205a provided that a foreclosing party must provide notice of certain information to the borrower before commencing foreclosure proceedings. Mich. Comp. Laws § 600.3205c provided that the holder or servicer of the loan must work with the borrower to determine whether the borrower qualifies for loan modification. "If a mortgage holder or mortgage servicer begins foreclosure proceedings . . . in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8).

Plaintiff contends that, even though the foregoing laws have been repealed, she has a right to have any future foreclosure action proceed by judicial foreclosure because Defendant did not comply with the loan-modification requirements in § 600.3205c when that law was still in effect. However, the Court agrees with Defendant that the remedy for a violation of § 600.3205c is the right to have an existing foreclosure proceeding converted to a judicial foreclosure. *See JP Morgan Chase Nat'l Ass'n*, No. 322718, 2016 WL 97920, at *1 (Mich. Ct. App. Jan. 7, 2016) (noting that "obtaining a judicial foreclosure was the sole remedy available to a borrower where a lender failed to comply with the modification process"). The statute itself indicates that this right is triggered only when the "mortgage holder or mortgage servicer *begins* foreclosure proceedings." *See* Mich. Comp. Laws

9

§ 600.3205c(8) (emphasis added). Defendant has not commenced foreclosure proceedings. Consequently, Plaintiff's right to convert such proceedings to a judicial foreclosure has not been triggered because there are no proceedings to convert.

Presumably, Plaintiff could still seek a declaratory judgment of her rights if foreclosure proceedings were to commence in the future. (*See* Compl. ¶ 29, ECF No. 1 (asking for a declaratory judgment "defining her rights" and a permanent injunction enjoining "unlawful foreclosure" on her home).) However, even if Defendant commences foreclosure proceedings at a later date, Plaintiff cannot invoke § 600.3205c(8) to convert those proceedings to a judicial foreclosure because that statute is no longer in effect. In other words, even if Defendant did not comply with § 600.3205c, the remedy provided to Plaintiff by that statute–conversion of foreclosure proceedings to a judicial foreclosure–is no longer available to her. *See Sherer v. Bank of N.Y. Mellon*, No. 14-cv-12641, 2015 WL 4935614, at *4 (E.D. Mich. Aug. 18, 2015) ("As other judges in this district have noted, courts have declined to analyze the merits of claims alleging violations of Michigan Compiled Laws §§ 600.3205a-d where, as here, the foreclosure proceedings were commenced after repeal.").

Plaintiff also asks for an injunction preventing Defendant from "declaring an acceleration or default in the mortgage" and ordering Defendant to "refrain from foreclosure." (Compl. ¶ 29.) This relief is premised on Plaintiff's belief that she is entitled to a judicial foreclosure. (*See* Pl.'s Br. in Opp'n to Def.'s Mot. to Dismiss 14, ECF No. 17.) Plaintiff asserts that, in a judicial foreclosure proceeding, she can assert various defenses to

foreclosure, including fraud and unclean hands. As Plaintiff has not alleged a valid fraud claim, and does not have a right to a judicial foreclosure, she is not entitled to an injunction barring acceleration, default, or foreclosure.

### III.

For the reasons discussed herein, Plaintiff's claims are subject to dismissal because they are barred by the statute of frauds and/or because they fail to state a claim upon which relief can be granted. Consequently, the Court will grant Defendant's motion to dismiss, and will enter an order and judgment that are consistent with this Opinion.

Dated: April 28, 2016                                  /s/ Robert Holmes Bell
                                                                ROBERT HOLMES BELL
                                                                UNITED STATES DISTRICT JUDGE